IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| LORI BUNTING,<br><br>Plaintiff,<br><br>vs.<br><br>WENDY'S OLD FASHIONED HAMBURGERS OF NEW YORK, INC., an Ohio corporation, and JOHN DOES 1-3,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT<br><br><br>Case No. 2:07-CV-116 TS |

This matter is before the Court on Defendant Wendy's Old Fashioned Hamburgers of New York, Inc.'s Motion for Summary Judgment.

I. INTRODUCTION

Plaintiff alleges that on December 16, 2003, a little before noon, she visited a Wendy's restaurant located in Salt Lake City, Utah. As Plaintiff exited the van in which she was riding, she claims that she slipped on ice in the parking lot and fell. As a result of this fall, Plaintiff suffered a broken fibula and tibia, which required surgery to repair. Plaintiff alleges that Defendant was negligent in failing to maintain its parking lot in a safe condition.

1

## II.  STANDARD OF REVIEW

Summary judgment is appropriate "if the pleadings, the discovery . . . materials and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law."[1]  The Court reviews "the entire record on summary judgment . . . in the light most favorable to the party opposing summary judgment."[2]  "An issue of fact is 'genuine' if the evidence allows a reasonable jury to resolve the issue either way and is 'material' when 'it is essential to the proper disposition of the claim.'"[3]  "As to materiality, the substantive law will identify which facts are material.  Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.  Factual disputes that are irrelevant or unnecessary will not be counted."[4]

## III.  DISCUSSION

Under Utah law, the owner of a store is liable "only when the condition complained of has existed for a long enough time that the owner should have known about it and corrected it, or has

---

[1] Fed. R. Civ. P. 56(c).

[2] *Durham v. Herbert Olbrich GMBH & Co.*, 404 F.3d 1249, 1250 (10th Cir. 2005) (citing *Riley v. Brown & Root, Inc.,* 896 F.2d 474, 476 (10th Cir. 1990)).

[3] *Haynes v. Level 3 Communications, LLC,* 456 F.3d 1215, 1219 (10th Cir. 2006) (quoting *Bennett v. Quark, Inc.*, 258 F.3d 1220, 1224 (10th Cir. 2001)).

[4] *Bartell v. Aurora Public Schools,* 263 F.3d 1143, 1146 (10th Cir. 2001) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)) overruled on other grounds by Pignanellit v. Pueblo Sch. Dsit. No. 60, 540 F.3d 1213, 1222 (10th Cir. 2008).

had actual knowledge of the condition complained of."[5] The Utah Supreme Court recently reiterated these requirements when it stated:

> To recover under a temporary unsafe condition theory, a plaintiff must show that (1) the defendant "had knowledge of the condition, that is, either actual knowledge or constructive knowledge because the condition had existed long enough that he should have discovered it;" and (2) "after [obtaining] such knowledge, sufficient time elapsed that in the exercise of reasonable care he should have remedied it."[6]

Because of these requirements, "evidence of notice and a reasonable time to remedy are required to survive a motion for summary judgment or directed verdict."[7]

Defendant argues there is no evidence that shows that Wendy's knew or should have known of the ice. Defendant also contends the undisputed facts demonstrate that it exercised reasonable care in removing the snow and ice from the parking lot. In support, Defendant relies on five main facts. First, that it had the parking lot plowed twice since the last snow storm on December 14, 2003. Wendy's had the lot plowed on December 14 and 15, 2003. Plaintiff fell on December 16, 2003. Plaintiff concedes this first matter.[8]

Second, Defendant relies on Plaintiff's own testimony that no ice was visible: "Well, I didn't think that it had ice or anything on it. I thought it was pretty clear. . . . I mean, it looked like normal wet cement, just like normal cement would."[9] Third, in deposition testimony Wendy's manager

---

[5] *Martin v. Safeway Stores, Inc.*, 565 P.2d 1139, 1140 (Utah 1977).

[6] *Jex v. JRA, Inc.*, 196 P.3d 576, 580 (Utah 2008) (quoting *Allen v. Federated Dairy Farms*, 538 P.2d 175, 176 (Utah 1975)).

[7] *Goebel v. Salt Lake City S. R.R. Co.*, 104 P.3d 1185, 1194 (Utah 2004).

[8] Def.'s Mem. at i (conceding facts as undisputed).

[9] Memo. Supp. Def.'s Mot. Sum. J. (Doc. No. 22), Ex. A at 2.

testified that he applied ice melt to the sidewalks and parking stalls before the store opened at 10:00 a.m. Defendant argues that the manager's testimony regarding application of ice melt is supported by the deposition testimony of one of Plaintiff's witnesses who testified that snow or ice melt that had been applied to the lot.[10] Fourth, the manager testified that the area where Plaintiff fell did not have any ice before the store opened. Fifth, the manager testified that Wendy's requires its management to conduct inspections, or walkthroughs, of the entire premises, including the parking lot, at least every hour, and that he had performed the required inspections the day of the accident.

Plaintiff contends that there is a material issue of fact on whether ice melt was applied to the area where she fell. In support she relies on the following testimony of witness Gallagher:

Q. In the area where [Plaintiff] fell, did you see ice melt in that area?

A. I do not recall.[11]

Plaintiff also relies on witness Gallagher's testimony that there was ice all over the parking lot and was "easy to see."[12] Plaintiff further relies on witness McComb's statement that while she did see that salt had been applied, she opined that it was "not enough."[13] Finally, Plaintiff attempts to create an issue of fact on the application of the snow melt by arguing that the manager testified that the lot was plowed the morning of Plaintiff's fall, but the stipulated facts show that it had been

---

[10]As noted below, this witness also opines it was "not enough." Def.'s Ex. E, 45-46.

[11]*Id*. at 22.

[12]Pl.'s Ex. D, at 19-20.

[13]Def.'s Ex. E, 45-46.

plowed only the two prior mornings. Therefore, Plaintiff argues that the manager's testimony on the application of snow melt the day of the fall is not credible.

Defendant is correct that where the party seeking summary judgment comes forward with evidence of a fact—in this case the manager's testimony that he had applied snow melt—the failure of another witness, Gallagher, to recall whether or not she had seen snow melt in the area does not create a dispute on that fact. Thus, it is undisputed that the lot was twice plowed since the last snowstorm; that ice melt had been applied the morning of Plaintiff's fall in the area where she fell; that there was no ice in the fall area when the store opened at 10:00 a.m.; and that the manager had conducted the walkthroughs.

Plaintiff argues that summary judgment is not appropriate because she will present evidence that the lot was "known to be icy and dangerous in the winter months."[14] However, she presents no evidence to support this assertion. Therefore, she has not raised an issue of fact that Defendant should have know that the parking spaces were unsafe. Plaintiff asserts her expert will testify that Wendy's did not maintain a safe parking lot, but does not cite to that conclusion in the report.[15] Instead, the unsworn report of Plaintiff's expert simply reiterates Plaintiff's version of facts based on the deposition testimony. The report notes Wendy's did not have written policies on snow and ice removal. However, there is nothing in the record to show that such written policies would be the appropriate standard of case. Similarly, the expert opines that the parking space used did not comply with ADA standards because it contained ice. However, Plaintiff's sole cause of action is for

---

[14]Pl.'s Mem. at 3.

[15]*Id.*

negligence, the standard of which is set forth above, not for an alleged violation of the ADA. Thus, the expert's report, even if admissible,[16] does not raise an issue of fact.

This case is similar to *Martin v. Safeway Stores, Inc.*,[17] a slip and fall case involving the parking lot in front of a grocery store. In *Martin*, the court discussed and applied the negligence standard for customer falls at a business premises as follows:

> This court has held that property owners are not insurers of the safety of those who come upon their property, even though they are business invitees. The liability of the owner of a store should be established only when the condition complained of has existed *for a long enough time* that the owner should have known about it and corrected it, or has had actual knowledge of the condition complained of. Here the plaintiff failed to produce any evidence to show that the danger had existed for any period of time prior to the accident. The evidence is without dispute that snow had fallen during the day, that employees of the defendant shoveled the walkway on two occasions and that the walk was salted on each occasion. Thereafter the sidewalk was wet but not icy, and the defendant's courtesy clerk testified that he had walked past the area where the accident occurred some twenty to thirty times and had observed it to be wet but had not observed the presence of any ice.
>
> The plaintiff presented no evidence to show the temperature or when the freezing could have occurred, and the only reasonable inference that could be drawn from the evidence is that the ice formed at a time and place where it was not observed by defendant's employees or any customers, or that the freezing occurred after the store employees could reasonably have expected customers to come to the store. The plaintiff's husband testified that the ice was clear and was the same color as the sidewalk and could not be seen, and all of the other witnesses concurred in this observation.
>
> The essential inquiry relating to defendant's negligence is whether the defendant's employees know, or in the exercise of ordinary care should have known, that a dangerous condition existed, and whether sufficient time elapsed thereafter that action could have been taken to correct the situation. Owners of stores, banks, office

---

[16]Defendant argues the report is not admissible and reserves the right to seek to exclude the testimony at trial. Def.'s Reply Br. at 6 n.7.

[17]565 P.2d 1139, *supra*, note 5.

buildings, theaters or other buildings where the public is invited to come on business or for pleasure are not insurers against all forms of accidents that may happen to any who come. It is not the duty of persons in control of such buildings to mop the sidewalk dry or take other steps necessary to prevent the accumulation of moisture on the sidewalk that might freeze and create an icy condition. . . .

 The trial court found that defendant had taken all reasonable precautions to keep the walkway cleared of snow, and salted and could not be charged with a duty of keeping the sidewalk dry and free from ice even after the time for closing the store. The trial court determined that as a matter of law reasonable minds could not differ in finding that the defendant's employees had met their duty under the circumstance in making the sidewalk reasonably safe, and that no evidence was presented as to how long the ice was present or that the employees of the store had or in the exercise of reasonable care could have had notice of the condition and an opportunity to correct it. It is our opinion that the evidence justifies the trial court so ruling as a matter of law.[18]

The "importance of the time factor to the issue of constructive notice" was reiterated in *Jex,* a case involving a store customer slipping and falling on a water puddle on the store's floor.[19] As in *Martin* and *Jex*, in the present case Plaintiff has presented no evidence "as to how long the ice was present or that the employees of the [business] had or in the exercise of reasonable care could have had notice of the condition and an opportunity to correct it."[20] In the present case there is undisputed evidence the Defendant's employees had met their duty under the circumstance in making the parking spaces reasonably safe, and no evidence was presented as to how long the ice was present. Thus,

---

[18]*Id.* at 1140-41 (emphasis added).

[19]*Jex v. JRA, Inc.*, 196 P.3d 1139, 580-81 (citation omitted) (holding that to "establish that a temporary condition existed long enough to give a store owner constructive notice of it, a plaintiff must present evidence that 'would show . . . that it had been there for an appreciable time'").

[20]*Martin,* 565 P.2d at 1141.

there is no evidence that the Defendant had or in the exercise of reasonable care should have had notice of the condition and an opportunity to correct it.

## IV.  CONCLUSION

Because there are no material facts in dispute, it is hereby

ORDERED that Defendant's Motion for Summary Judgment (Docket No. 21) is GRANTED and judgment will be entered in favor of Defendant against Plaintiff.

DATED   February 3, 2009.

BY THE COURT:

_____
TED STEWART
United States District Judge